UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNEDY JACKSON

VERSUS

MAJOR TODD BARRERE, ET AL.

CIVIL ACTION

NO. 13-124-JJB-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Defendants Major Todd Barrere, Lieutenant Willie Washington, Sergeant Eugene Ferguson, III, and Sergeant Lance Robinson's Motion (doc. 24) for Summary Judgment. The plaintiff opposes the motion. (Doc. 41). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants Major Todd Barrere, Lieutenant Willie Washington, Sergeant Eugene Ferguson, III, and Sergeant Lance Robinson's Motion (doc. 24) for Summary Judgment.

**Background**

At the time of the alleged incident, the plaintiff was incarcerated at the Elayn Hunt Correctional Facility, and the defendants were employed at the same facility. On May 10, 2012, the plaintiff alleges that Sergeant Robinson and Sergeant Ferguson approached his cell and asked him to come to the bars to be restrained. After complying, Mr. Jackson avers that the officers searched his person and his cell, without incident. After finding nothing, the officers ordered the plaintiff to return to his cell. At that point, the plaintiff requested to speak with someone of rank, which—according to the plaintiff's allegations—resulted in Sergeant Ferguson grabbing the plaintiff by his shirt and throwing him against the prison bars. The plaintiff asserts he was still in restraints at this time. One of the officers then activated their beepers, resulting in Defendants Barrere, Credit, and Washington arriving at the scene. Upon their arrival, Sergeant Ferguson

1

allegedly told the other officers that the plaintiff head-butted him. At that point, the plaintiff states that Defendants Washington and Credit "drug the [p]laintiff to the lobby and then to Administrative Segregation lock down." (Doc. 1, p. 5, ¶ 19). At some point, the plaintiff alleges he was taken "to the room where disciplinary court is held which is where Major Barrere [and] Lt. Washington beat him." (Doc. 1, p. 5, ¶ 21). After this beating, officers drug the plaintiff to the showers, where Defendants Washington and Credit sprayed him with two cans of chemical agent. Then, Defendant Barrere ordered Defendant Credit to retrieve the "Electric Shield," and upon its retrieval, "Lt. Washington opened the shower and, while the [p]laintiff was in restraints, hit the [p]laintiff with the shield causing electric current to contact the [p]laintiff." (Doc. 1, p. 6, ¶ 25). Then, Defendant "Barrere turned the shower on to allow the water to flow and then hit the [p]laintiff with the shield." (Doc. 1, p. 6, ¶ 26). After Defendant Barrere finished, Defendants Washington and Credit drug the plaintiff from the shower and brought him to the disciplinary room. However, according to the allegations, the officers were not finished with the plaintiff. While in the disciplinary room, the plaintiff claims that Defendant Washington and Barrere punched him in the face and stomach.

    As a result of this alleged incident, the plaintiff sustained injuries. After exhausting his administrative remedies, the plaintiff filed the pending lawsuit, seeking relief pursuant to 42 U.S.C. § 1983, because he avers that the defendants violated his "4th, 8th and/or 14th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants." (Doc. 1, p. 15, ¶ 68). Furthermore, the plaintiff seeks attorney's fees, costs, and punitive damages. (Doc. 1, p. 16, ¶ 74).

    Defendants Major Todd Barrere, Lieutenant Willie Washington, Sergeant Eugene Ferguson, III, and Sergeant Lance Robinson filed the pending motion for summary judgment.

(Doc. 24). In their motion, the defendants claim that summary judgment should be granted for the following reasons: (1) "[p]laintiff failed to allege sufficient connexity [sic] between any acts of defendants and any violation of his civil rights," (2) "no defendant is liable under respondeat superior or for implementation of an affirmatively wrongful policy," (3) "[d]efendants are entitled to qualified immunity," and (4) "[p]laintiff's excessive force claim is barred by the Supreme Court's decision in *Heck v. Humphrey*." (Doc. 24, p. 2, ¶¶ 3–5).

## Analysis

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Excessive Force Claim</u>

The defendants' primary argument is that the plaintiff cannot present sufficient evidence to prove that the defendants used excessive force on May 10, 2012. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners, including using excessive force. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Whenever prison officials stand accused of using excessive physical force . . ., the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). The Fifth Circuit previously provided the following with regards to excessive force claims in the prisoner context:

> Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include:
> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson*, 962 F.2d at 523).

First and foremost, it must be emphasized that the only claims before this Court are the plaintiff's Section 1983 excessive force claims, as well as the related claims for attorney's fees,

4

costs, and punitive damages. In their motion, the defendants assert that the plaintiff failed to state a claim for relief as to verbal harassment. (Doc. 24-2, p. 24). However, these claims have not been properly pleaded before this court, and thus, are not currently pending. Accordingly, only the Section 1983 excessive force claims are presently pending in front of the Court.

In making this ruling, the Court did not consider the deposition of Warden Steve Radar, as this deposition concerns a completely separate case in a different correctional facility, and therefore, is not relevant to the matter at hand. (Doc. 41-17). However, the Court did consider the verifications of Kennedy Jackson, Kevin Lewis, and Leron Sly. (Docs. 41-5, 41-8, and 41-10). The defendants argued that this Court should not consider any of the verifications. (Doc. 42, p. 5). However, the current version of Rule 56 of the Federal Rules of Civil Procedure provides that a court can consider a declaration at the summary judgment stage, provided it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the . . . declarant is competent to testify on the matters stated." Fed. Rule Civ. P. 56(c)(4). Furthermore, these declarations must comply with 28 U.S.C. § 1746, which provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of

5

>such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>> . . .
>> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C. § 1746. With regard to the declarations by Kevin Lewis and Leron Sly, the actual letters from these individuals are dated, and there is a signed verification document attached to each of the letters which provides that the attached statement is true and correct under penalty of perjury. (Docs. 41-8 and 41-10). As for the declarations of the plaintiff, these documents are all dated and signed, and there is also a verification document signed by Mr. Jackson. Conversely, the Court did not consider Ralph Williams' declaration, as there is no signed verification document or statement accompanying it. (Doc. 41-9). Furthermore, the Court did not consider the declaration of Anthony Hankton, as neither the declaration nor the verification document was dated, as required by 28 U.S.C. § 1746.

Initially, the Court must note there is no evidence that Defendant Robinson potentially engaged in any of the conduct that allegedly involved "excessive force."[1] The only evidence presented by the plaintiff as to Defendant Robinson is that he escorted the plaintiff to be strip searched. However, there is not a modicum of evidence before this court that Defendant Robinson was involved in the beating or chemical spraying of the plaintiff. According to the evidence, the only individuals that took part in the beating, electrocuting, and pepper spraying were Defendants Barrere, Washington, Credit, and Ferguson. In fact, there is uncontroverted evidence that Defendant Robinson called in sick on May 10, 2012, and thus, was not even present on that day. (Doc. 24-3, p. 2–6). Accordingly, the Court finds there is no genuine issue of

---

[1] Furthermore, even if this Court were to look at the declarations of Ralph Williams and Anthony Hankton, there is no evidence linking Defendant Robinson to the alleged excessive force.

6

material fact as to the excessive force claims against Defendant Robinson, and thus, judgment must be granted as a matter of law.

Nevertheless, looking at the remaining evidence in the light most favorable to the plaintiff, this Court finds sufficient evidence to raise a genuine issue of material fact regarding whether Defendants Barrere, Ferguson, and Washington used excessive force on the plaintiff. Looking at the evidence presented by the defendant in its totality, the defendants paint a picture where they either did not engage in the alleged actions, or they used only the force necessary to protect themselves and/or gain compliance of the plaintiff. (Docs 24-4 through 24-6). According to the defendants, the plaintiff initiated the entire incident by charging and head-butting one of the prison officials. (Doc. 24-5, p. 2). Furthermore, the plaintiff refused to comply with officers' commands while partially unrestrained in the shower, at which point, Defendant Washington used a brief burst of chemical agent to gain compliance. (Doc. 24-6, p. 2–3).

However, the plaintiff presents a much different picture, in which he was brazenly and sadistically beaten by the defendants. First, in the plaintiff's declaration, which appears to be his original ARP filing, the plaintiff alleges that: (1) Defendant Ferguson grabbed him by the shirt and threw him against the prison bars, (2) Defendants Washington and Credit dragged him from the tier into the lobby, (3) Defendants Barrere and Washington beat him while in administrative segregation, (4) Defendant Credit sprayed him with two cans of a chemical agent, (5) Defendant Barrere hit him with an electric shield while in the shower, (6) Defendants Washington and Credit drug the plaintiff from the shower, and (7) Defendants Barrere and Washington put on blue gloves in order to punch the plaintiff in both the face and stomach. (Doc. 41-5, p. 6–7). Based on the declaration, all of these actions appear to be wholly unprovoked.

In Kevin Lewis's declaration, he states that he witnessed: (1) Lieutenant Washington punch the plaintiff in the stomach, (2) Captain Credit spray the plaintiff with gas while in the shower, and (3) Major Barrere tell Captain Credit to retrieve the shield. (Doc. 41-8). Then, Mr. Lewis heard the plaintiff "scream in pain," at which point the plaintiff was removed from the shower. *Id.* Again, there does not appear to be any provocation on the part of the plaintiff to warrant these actions.

Finally, in Leron Sly's declaration, he claims to have witnessed the plaintiff being sprayed with a chemical agent by both Defendants Washington and Credit. Further, he witnessed Defendant Credit retrieve the electric shield and give it to Defendant Barrere, at which point Defendant Barrere entered the shower with the electric shield. The next thing Mr. Sly heard was the plaintiff screaming "from the shield hitting the plaintiff." (Doc. 41-10, p. 2). He then witnessed the defendants "carrying" the plaintiff from the shower. *Id.* Once more, there is no evidence in the declaration that the plaintiff provoked the defendants' actions.

Based on the foregoing evidence, and looking at it in the light most favorable to the plaintiff, the Court finds there is sufficient evidence to raise a genuine issue of material fact whether Defendants Ferguson, Barrere, and Washington used excessive force on the plaintiff on May 10, 2012. There is at least some evidence that each of these parties took some action which could be considered as "excessive force," ranging from forcefully ramming the plaintiff into prison bars to electrocuting the plaintiff through use of an electric shield. Therefore, the Court cannot grant summary judgment for Defendants Ferguson, Barrere, and Washington as to the plaintiff's excessive force claims.

3.  Qualified Immunity Claim

In their motion, the defendants also argue that they are entitled to qualified immunity for their actions. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts must apply "a two-step analysis to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity." *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). First, the court must "determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights." *Id.* If so, the court next considers "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* at 411. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Glenn v. City of Tyler,* 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)). The court "must evaluate an officer's use of force 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Poole v. City of Shreveport*, 691 F.3d 624, 627−28 (5th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Similar to the denial of summary judgment as to the excessive force claims, this Court must also deny summary judgment with regards to Defendants Ferguson, Barrere, and Washington's claim that they are entitled to qualified immunity for their actions. In this Court's

9

view, there are critical differences between the evidence presented by the parties, with one side presenting evidence that the officers' actions were reasonable and justified, and the other side presenting evidence of an unwarranted attack on the plaintiff. Accordingly, there are genuine issues of material fact regarding whether there initially was a violation of clearly established constitutional rights, and even if there was, whether the defendants' conduct was objectively reasonable under the circumstances. Therefore, summary judgment must be denied as to the Defendants Ferguson, Washington, and Barrere's qualified immunity claims.

4. *Heck v. Humphrey* Claim

Finally, the defendants declare that the plaintiff's excessive force claims are barred by the decision in *Heck v. Humphrey*. 512 U.S. 477 (1964). More specifically, the defendants claim that because the plaintiff was found guilty by the prison disciplinary board on the Rule 1 "Contraband," Rule 3 "Defiance," and Rule 5 "Aggravated Disobedience" charges, any "finding in his favor on this [excessive force] claim would imply that the disciplinary charges . . . which then necessitated the use of force by the defendants was invalid." (Doc. 24-2, p. 6).

In *Heck*, the Supreme Court provided that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87. The Supreme Court previously applied the *Heck* analysis to a prisoner challenging his prison disciplinary proceeding. *See Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the plaintiff—an inmate at a state penitentiary—was found guilty of four prison infractions and "was sentenced to 10 days in isolation, 20 days in segregation, and deprivation of 30 days' good-time credit he had previously earned toward his release." *Id.* at 643. After his appeal with the prison's appeal system was rejected, the prisoner filed a Section 1983 action "alleging that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights." *Id.* The plaintiff claimed that "Edwards, who was the hearing officer at his disciplinary proceeding, concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, which prevented respondent from introducing extant exculpatory material and 'intentionally denied' him the right to present evidence in his defense." *Id.* at 644 (internal citations omitted). According to the plaintiff, "the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer himself." *Id.* at 647. Applying *Heck* to the facts of the case, the Supreme Court in *Edwards* found that "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id* at 646. Therefore, the Supreme Court concluded that "respondent's claim . . ., based on allegations of deceit and bias on the part of the decisionmaker [sic] that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.* at 648.

   The present case is necessarily different from the *Edwards* case cited by the defendants. In the present case, the plaintiff does not allege that there were any problems or flaws in the actual prison disciplinary proceeding. Instead, he is alleging that the defendants used excessive and unconstitutional force, which is a completely separate issue from the validity or invalidity of

11

the disciplinary proceedings. In general, the plaintiff could succeed on his excessive force claim and still have been found guilty of violating prison protocol. Even if the plaintiff engaged in behavior that violated prison rules, the defendants' response in spraying the plaintiff with a chemical agent and beating him could result in Section 1983 liability for utilizing excessive force. It is not a mutually-exclusive proposition as the defendants would have this Court believe. Rather, the excessive force inquiry is distinct. A finding that the defendants utilized excessive force in this matter does not necessarily invalidate the disciplinary proceedings. Accordingly, the court refuses to dismiss the excessive force claims under *Heck* and *Edwards* as requested by the defendants.

### Conclusion

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants Major Todd Barrere, Lieutenant Willie Washington, Sergeant Eugene Ferguson, III, and Sergeant Lance Robinson's Motion (doc. 24) for Summary Judgment. Accordingly, the Court **DISMISSES** all claims against Defendant Lance Avery Robinson.

Signed in Baton Rouge, Louisiana, on April 9, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**